UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE TIRAS AND GINA TIRAS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIV. NO. 4:10-cv-03266 |
| | § | |
| ENCOMPASS HOME AND AUTO INSURANCE COMPANY AND DAVID JOSEPH KISH, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

Before the Court is Defendant Encompass Home and Auto Insurance Company's Motion for Partial Dismissal of Plaintiffs' Original Petition ("Motion to Dismiss"). (Doc. No. 24.) After considering the Motion to Dismiss, all responses and replies thereto, and the applicable law, the Court determines that the Motion to Dismiss must be **GRANTED**.

**I.    BACKGROUND**

Joe Tiras and Gina Tiras (collectively, "Plaintiffs") are owners of a Texas Homeowners' Insurance Policy ("the Policy"), issued by Encompass Home and Auto Insurance Company ("Encompass"). After their property was damaged by Hurricane Ike, Plaintiffs filed a claim with Encompass for reimbursement for the cost of repairs. Plaintiffs allege that David Joseph Kish ("Kish"), who was assigned as the individual adjuster on Plaintiffs' claim, spent under thirty minutes investigating damage to the property. Kish's inspection was allegedly substandard, leading to a gross underpayment of Plaintiffs' claim. According to Plaintiffs, Encompass then wrongfully denied

1

Plaintiffs' claim for repairs to their property, even though such repairs were covered by their Policy. Additionally, Plaintiffs aver, Encompass underpaid some of Plaintiffs' claims by failing to provide full coverage for damages, or by "underscoping" the damages during the investigation. Indeed, Plaintiffs argue, Encompass continues to delay payment for damages to the property. Plaintiffs filed a lawsuit against Encompass and Tiras (collectively, "Defendants") in state court, alleging breach of contract, fraud, conspiracy to commit fraud, various breaches of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. The case was removed pursuant to this Court's diversity jurisdiction.

Encompass now seeks to dismiss Plaintiffs' non-contractual causes of action. In its Motion to Dismiss, Encompass insists that Plaintiffs provide no factual allegations to support their claims for damages for fraud, conspiracy to commit fraud, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. Instead, Encompass contends, Plaintiffs merely paraphrase statutory language or recite the elements of their causes of action. Therefore, Encompass argues, these non-contractual claims fail to meet the requirements of both Federal Rule of Civil Procedure 8 and 9(b), and so should be dismissed pursuant to Rule 12(b)(6).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), a defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bank*

2

*of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, No. 05-30976, 2006 WL 2870972, at *2 (5th Cir. Oct. 9, 2006) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1203 (3d ed. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950. The court should not "'strain to find

inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

Allegations of fraud, however, must meet the stricter standards of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "'At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). The Fifth Circuit has explained that "Rule 9(b) requires 'the who, what, when, where, and how' [of the alleged fraud] to be laid out." *Id.* (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). "'A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6).'" *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 n.8 (5th Cir. 2009) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997)).

Rule 9(b)'s particularity requirement is "supplemental to the Supreme Court's recent interpretation of Rule 8(a) requiring enough facts [taken as true] to state a claim to relief that is plausible on its face." *Id.* at 185 (quotations and footnote omitted). Thus Rule 9(b) "requires only simple, concise, and direct allegations of the circumstances constituting fraud, which after *Twombly* must make relief plausible, not merely

4

conceivable, when taken as true." *Id.* at 186 (internal quotations omitted). The requirements of Rule 9(b) also "apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998) (quotations omitted).

### III. ANALYSIS

The Court will first determine whether each claim requires Plaintiffs to meet the heightened pleading requirements of Rule 9(b). Utilizing the applicable standard, the Court will then analyze whether any of the non-contractual claims survives the Motion to Dismiss. Ultimately, the Court concludes that none of Plaintiffs' non-contractual claims survives the Motion to Dismiss.

#### A. Fraud and Conspiracy to Commit Fraud

Plaintiffs allege that Defendants committed fraud and conspiracy to commit fraud. According to Plaintiffs, Defendants' representations concerned material facts. Absent such representations, Plaintiffs claim, they would not have acted as they did. Furthermore, Plaintiffs argue, Defendants knew their representations were false or made their representations recklessly without any knowledge of their truth. Plaintiff then allegedly acted in reliance upon the statements, resulting in injuries. In framing their claim for conspiracy to commit fraud, Plaintiffs explain that Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose, or a lawful purpose by unlawful means. According to Plaintiffs, Defendants committed an unlawful, overt act to further an object or course of action, resulting in

injury to Plaintiffs. Plaintiffs also assert that Defendants' acts or omissions constitute a general business practice of Encompass.

Plaintiffs have failed to meet the heightened pleading demands of Rule 9(b) for their fraud and conspiracy to commit fraud claims. Under Texas law, the elements of fraud are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Potter*, 607 F.3d at 1032. Plaintiffs do not explain, however, what the "representations" were, let alone provide information as to the time, place, and contents of those representations. *Benchmark Elec., Inc.*, 343 F.3d at 724. As Plaintiffs do not meet the heightened pleading requirements, their fraud claim must be dismissed. Similarly, for their conspiracy to commit fraud claim to survive, Plaintiffs "must 'plead with particularity the conspiracy as well as the overt acts … taken in furtherance of the conspiracy.'" *Kanneganti*, 565 F.3d at 193 (quoting *FC Inv. Group LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1097 (D.C. Cir. 2008)). Plaintiffs recite the elements of a conspiracy claim without providing particular details as to the overt acts taken in furtherance of the conspiracy or the conspiracy itself. Therefore, Plaintiffs' conspiracy to commit fraud claim fails.

### B. The Texas Insurance Code

Plaintiffs allege Defendants violated Texas Insurance Code §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(7), 541.060(a)(4), 542.055, 542.056, and 542.058. The Court will review each section in turn.

> i.  *Texas Insurance Code § 541.060*

Plaintiffs claim that Defendants violated multiple provisions of Texas Insurance Code § 541.060. First, Plaintiffs claim that Defendants misrepresented to Plaintiffs material facts relating to the coverage at issue, in violation of § 541.060(a)(1). That provision states that "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to … misrepresent[] to a claimant a material fact or policy provision relating to coverage at issue." Tex. Ins. Code § 541.060(a)(1). The gravamen of this claim is fraud, as it concerns reliance on material misrepresentations. *Potter*, 607 F.3d at 1032. Therefore, Plaintiffs must meet the heightened pleading requirements of Rule 9(b). Plaintiffs offer no details as to "'the who, what, when, where, and how'" of the misrepresentations. *Benchmark Electronics, Inc.*, 343 F.3d at 724 (quoting *Williams*, 112 F.3d at 177). For example, Plaintiffs do not explain what the misrepresentations were or how they distorted the material facts. Therefore, Plaintiffs' claims for violations of § 541.060(a)(1) fail.

Plaintiffs' other claims under § 541.060 need not meet the heightened pleading requirements of Rule 9(b). Plaintiffs allege that Defendants violated § 541.060(a)(2)(A) because they did not attempt to settle Plaintiffs' claim in a fair manner, despite the fact that they were aware of their liability. That section prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of … a claim with respect to which the insurer's liability has become reasonably clear." Plaintiffs' claim under §

7

541(a)(2)(A) does not rest on allegations of fraud, as that section does not concern reliance on material representations. Therefore Plaintiffs need only meet the pleading requirements of Rule 8(a). Plaintiffs provide no facts supporting their allegations that Defendants failed to effectuate a settlement in good faith, however. Therefore, Plaintiffs do not state a plausible claim for relief under § 541(a)(2)(A).

Next, Plaintiffs argue that Defendants violated § 541.060(a)(3), which states that "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to … fail[] to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." Fraud is not the gravamen of this claim, as it does not concern reliance on material misrepresentations. Thus Plaintiffs do not need to meet the heightened pleading requirements of Rule 9(b). Plaintiffs state that Defendants failed to offer adequate compensation; did not explain why full payment was not available; did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy; and did not provide any explanation for their failure to adequately settle Plaintiffs' claim. Yet Plaintiffs offer no facts to support these allegations. When viewed in the light most favorable to Plaintiffs, the Complaint does not state a claim upon which relief can be granted. Plaintiffs' claim under § 541.060(a)(3) should be dismissed.

Plaintiffs also allege that Defendants failed to fully compensate Plaintiffs as required according to the terms of the Policy, despite their failure to conduct a reasonable investigation. Specifically, Plaintiffs assert, Defendants' investigation was outcome-

8

oriented, biased, unfair, and inequitable. As a consequence, Plaintiffs aver, Defendants violated Texas Insurance Code § 541.060(a)(7). That section prohibits refusal to pay a claim without conducting a reasonable investigation with respect to that claim. Plaintiffs need not meet the requirements of Rule 9(b), as § 541.060(a)(7) is not substantively based on fraud. Plaintiffs do not offer facts showing that Defendants' investigation was unreasonable, however. Therefore, Plaintiffs do not meet the requirements of Rule 8(a). Plaintiffs' claim under § 541.060(a)(7) does not survive the Motion to Dismiss.

Plaintiffs' remaining claim under § 541.060, although not subject to the requirements of Rule 9(b), does not survive the Motion to Dismiss. Plaintiffs allege that Defendants failed to affirm or deny coverage of their claim within a reasonable time, in violation of § 541.060(a)(4). This claim is not based on fraud, and therefore must be held to only the standard of Rule 8(a). Yet Plaintiffs plead no facts suggesting that Defendants failed to affirm or deny coverage within a reasonable time. Therefore, Plaintiffs' claim under § 541.060(a)(4) must be dismissed.

### ii. *Texas Insurance Code § 542.055*

Plaintiffs further allege that Encompass violated § 542.055, which concerns receipt of notice of a claim. Specifically, Plaintiffs state that Defendants did not, within the statutorily mandated time of receiving notice of Plaintiffs' claim, timely acknowledge Plaintiffs' claim, begin an investigation of Plaintiffs' claim, and request all information reasonably necessary to investigate Plaintiffs' claim. This provision does not rest on substantive allegations of fraud, as it does not involve reliance on material misrepresentations. Nonetheless, Plaintiffs fail to meet the lower pleading requirements of Rule 8(a). Plaintiffs do not provide any facts supporting their conclusory assertions

9

that Encompass did not timely acknowledge their claim or timely begin investigation of their claim. Nor do Plaintiffs provide facts suggesting that Encompass failed to request all information reasonably necessary to investigate Plaintiffs' claim. Although their Complaint need not contain detailed factual allegations, Plaintiffs must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Plaintiffs recite the elements of § 542.055 without providing supporting facts that could give rise to a claim under that provision. Therefore, Plaintiffs' claims under § 542.055 must be dismissed.

### iii.  Texas Insurance Code § 542.056

Plaintiffs claim that Encompass violated Texas Insurance Code § 542.056 by failing to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. As this provision does not require fraudulent conduct, the stringent requirements of Rule 9(b) do not apply. Yet Plaintiffs have not provided any facts to support a claim that Encompass did not accept or deny their claim within the statutorily mandated time. Indeed, Plaintiffs provide no details as to the length of time between their submissions and Defendants' response. Therefore, Plaintiffs do not state a claim upon which relief can be granted under § 542.056.

### iv.  Texas Insurance Code § 542.058

Finally, Plaintiffs allege that Encompass violated Texas Insurance Code § 542.058, which concerns delays in payments of claims. Specifically, that section states that "if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a

period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060." Tex. Ins. Code § 542.058(a). The gravamen of this section is not fraud, as it requires only that a defendant wrongfully reject a claim. *See Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F.Supp.2d 938, 964 (E.D. Tex. 2011). Therefore Plaintiffs need only meet the requirements of Rule 8(a). Plaintiffs state that Encompass delayed payment of their claim "longer than allowed." Indeed, Plaintiffs allege that Encompass has still not paid their claim in full. Yet Plaintiffs have not provided facts to support their conclusory allegations. Considering these allegations in the light most favorable to Plaintiffs, they do not satisfy Rule 8(a).

### C. Duty of Good Faith and Fair Dealing

Plaintiffs allege that Encompass breached its common law duty of good faith and fair dealing. "An insurer has a common law duty to deal fairly and in good faith with its insured in the processing and payment of claims." *Aleman v. Zenith Ins. Co.*, 343 S.W.3d 817, 822 (Tex.App-El Paso 2011) (citing *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995)). An insurer breaches this duty if it denies a claim when it knows or should know that it is reasonably clear the claim is covered. *Id.* (citing *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997)). The duty is also breached if an insurer fails to reasonably investigate a claim. *Id.* (citing *Giles*, 950 S.W.2d at 56). As fraudulent conduct is not necessary to state a claim for breach of common law duty of good faith and fair dealing, Plaintiffs need only meet the requirements of Rule 8(a). Plaintiffs allege that Encompass failed to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though they knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. Yet Plaintiffs plead no facts showing

grounds for their entitlement to relief. Therefore, Plaintiffs' claims for breach of the common law duty of good faith and fair dealing must be dismissed.

## IV. CONCLUSION

The Court concludes that Plaintiffs' claims for fraud, conspiracy to commit fraud, and violations of § 541.060(a)(1) of the Texas Insurance Code must be dismissed because they do not meet the heightened pleading requirements of Rule 9(b). Plaintiffs' remaining claims under the Texas Insurance Code, as well as their claims for violation of the duty of good faith and fair dealing, are dismissed because they fail to satisfy Rule 8(a). For the above stated reasons, Encompass' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** on this the 17th day of November, 2011.

**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**