UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE TIRAS AND GINA TIRAS, § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | CIV. NO. 4:10-cv-03266 |
| § | |
| ENCOMPASS HOME AND AUTO § | |
| INSURANCE COMPANY AND § | |
| DAVID JOSEPH KISH, § | |
| § | |
| Defendants. § | |

## MEMORANDUM & ORDER

Before the Court are Plaintiffs Joe Tiras and Gina Tiras' Motion to Alter Judgment Dismissing All Claims Except Breach of Contract Against Encompass Home and Auto Insurance Company ("Motion for Reconsideration") (Doc. No. 34) and Plaintiffs Joe Tiras and Gina Tiras' Motion for Leave to File First Amended Complaint ("Motion to Amend Complaint") (Doc. No. 35). After considering the Motions, all responses and replies thereto, and the applicable law, the Court concludes that the Motion for Reconsideration should be **DENIED** and the Motion to Amend Complaint should be **GRANTED** in part and **DENIED** in part.

I. BACKGROUND

This lawsuit arises from an insurance dispute concerning damage to Joe Tiras and Gina Tiras' ("Plaintiffs") property during Hurricane Ike. On November 17, 2011, this Court issued a Memorandum and Order granting Defendant Encompass Home and Auto Insurance Company's Motion for Partial Dismissal of Plaintiffs' Original Petition, which

1

dismissed all but Plaintiffs' breach of contract claim. (Doc. No. 29.) Now Plaintiffs ask the Court to reconsider the Memorandum and Order, stating that Plaintiffs requested leave to amend their Original Complaint in their October 10, 2011 Response to Defendant's Motion to Dismiss. As the Court neither granted nor denied leave to amend, Plaintiffs ask that the Court amend its Memorandum and Order and grant Plaintiffs leave to amend their Original Complaint. Plaintiffs have also filed a separate Motion to Amend their Complaint, stating that they would like to add additional facts necessary to support their claims and allegations against Defendants.

## II. LEGAL STANDARD

Because the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004), such motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order. *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, 2011 WL 6091807, at *5 (S.D.Tex. Dec. 7, 2011); *In re BP Shareholder Derivative Litig.*, 2011 WL 5880946, at *2 (S.D.Tex. Nov. 23, 2011). Because less than 28 days passed between the Court's dismissal of Plaintiff's Complaint and Plaintiff's motion, Rule 59(e) applies in this case.

A motion to alter or amend under Rule 59(e) "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment

2

issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A district court has "considerable discretion" to grant or deny a motion under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Federal Rule of Civil Procedure 15(a) provides that courts should freely grant leave to amend when justice so requires. Rule 15(a) "evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). Leave to amend is not automatic, however. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002). Nonetheless, the Court "must have a 'substantial reason' to deny a request for leave to amend." *Id.* (quoting *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985)). In considering whether to grant leave to amend, the Court may weigh multiple factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The Court may also consider whether Plaintiffs knew "'or should have known of the facts upon which the proposed amendment is based but fail[ed] to include them in the original complaint.'" *Udoewa v. Plus4 Credit Union*, No. H-08-3054, 2010 WL 1169963, at *2 (S.D. Tex. March 23, 2010) (quoting *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994)). See also *Ross v. Houston Housing Authority*, No. H–09–2361, 2010 WL 1726908, at *2 (S.D. Tex. April 28, 2010) (denying motion to amend on the basis that plaintiff had prior knowledge and possession of supporting evidence); *Pope v. MCI Telecommunications Corp.*, 937 F.2d 258, 263 (5th

Cir. 1991) (denying motion for leave to amend in part because plaintiff could have added her proposed amendment years earlier, as it "was not about something recently discovered" but "based upon the same facts as her previous claims").

However, Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S & W Enterprises v. Southwest Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) states that "[a] schedule shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enterprises*, 315 F.3d at 535 (quotation and citation omitted). If Defendants demonstrate good cause to amend the Scheduling Order, then the more liberal standard of Rule 15(a) governs the Court's decision to grant or deny leave to amend. *Id.* at 536.

In deciding an untimely motion to amend pleadings, the Court should consider: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.*

### III. ANALYSIS

After examining Plaintiffs' Response to Defendant Encompass Home and Auto Insurance Company's Motion for Partial Dismissal of Plaintiffs' Original Petition (Doc. No. 25), the Court does not find in it a request for leave to amend their complaint. As such, Plaintiffs have not identified a manifest error of law or fact, or presented newly discovered evidence, that would warrant the extraordinary remedy of reconsidering the Memorandum and Order. Thus the Court denies Plaintiffs' Motion for Reconsideration

4

In their Motion to Amend Complaint, Plaintiffs request leave to add additional facts to their Original Complaint. As the Scheduling Order's date for amending pleadings has already passed, the Court must consider whether Plaintiffs have demonstrated good cause under Rule 16(b). Plaintiffs have not provided an explanation for their failure to timely amend. Nonetheless, the Court believes that there will be little prejudice to Defendants if leave to amend is granted, given that other deadlines in this case have been extended; furthermore, the amendment is important to Plaintiffs' case.

Turning to the Rule 15 standard, the Court does believe that there has been undue delay in this case. At the same time, however, the Court observes that Defendants will not be greatly prejudiced by Plaintiffs' adding additional factual allegations; there is no bad faith or dilatory motive; and the amendment would not be futile. The Court grants Plaintiffs leave to amend their Original Complaint for the exclusive purpose of bringing additional factual allegations against Defendants. The Court denies Plaintiffs leave to amend their Original Complaint to bring any additional claims.

## IV.   CONCLUSION

For the reasons explained above, the Motion for Reconsideration (Doc. No. 34) is **DENIED** and the Motion for Leave to Amend Complaint (Doc. No. 35) is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas on this the 18th day of January, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT COURT JUDGE

5